IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BARRY D. LONDON                                                                           PLAINTIFF

v.                                    Case No. 6:14-CV-06058

WHITTINGTON, ET. AL.                                                                   DEFENDANTS

## ORDER

Plaintiff, Barry D. London, submitted this *pro se* action for filing on April 14, 2014. (Doc. 1). Currently before the Court is the issue of Plaintiff's consistent pattern of willful disobedience to Court orders, failure to prosecute, and failure to appear at a scheduled summary judgment hearing for this case and for cause number 6:14-CV-06088 on January 14, 2016.[1]

**I.      BACKGROUND**

      **A.      Case 6:14-CV-06088**

Plaintiff filed his complaint in case number 14-06088 on August 6, 2014. Plaintiff alleged he received an "unprofessional mental health evaluation" from the ADC Mental Health

---

[1] Plaintiff has demonstrated his willful failure to comply with Court orders in other cases as well. He filed cause number 6:14-CV-06017 on February 7, 2014. That case is now closed. However, Plaintiff demonstrated the same pattern of failure to obey Court orders. For example, on November 25, 2014, he was ordered (Doc. 45) to complete and sign a summary judgment questionnaire by December 23, 2014, to respond to a summary judgment motion. He did not do so. On January 12, 2015, the Court entered an order (Doc. 52) directing Plaintiff to complete a second summary judgment questionnaire to respond to another summary judgment motion that had been filed. Plaintiff was to respond by February 2, 2015. He responded on February 11, 2015, with a postmark date on that response of February 5, 2015. (Doc. 55). A report and recommendation (Doc. 56) was filed on July 20, 2015, with objections due by August 6, 2015. Plaintiff filed an objection on August 12, 2015, with a postmark of August 10, 2015. Plaintiff appealed the dismissal of his case. The last notation on the Court of Appeals docket is an order on November 2, 2015 directing Plaintiff to either pay the filing fee or submit an IFP application with this Court within twenty-one days. (Doc. 67). While Plaintiff filed a motion with the Court of Appeals, he has not complied with the order by either paying the filing fee or filing a motion with this Court.

Staff on July 24, 2013. Plaintiff's motion for *in forma pauperis* status ("IFP") was granted on August 6, 2014. This order advised Plaintiff to keep the Court apprised of any address changes, and that failure to do so could result in dismissal of his case.

On April 23, 2015 the Court entered an order (Doc. 22) granting Defendants' motion to depose plaintiff and several other motions.  On May 1, 2015, the Court entered an order (Doc. 24) setting a summary judgment hearing for Plaintiff for October 8, 2015.  A hearing for the instant case (discussed below) was set for the same day so that Plaintiff would only need to travel to Court once for both cases.

On May 4, 2015, mail was returned undeliverable for the Arkansas Department of Corrections ("ADC") Ouachita River Unit, indicating Plaintiff had been paroled.  On May 4, 2015, the Court obtained the home address of Plaintiff at his time of booking, and copies of the documents previously sent were re-sent to that address: 8 Howell Drive, Little Rock, AR 72204. On May 5, 2015, this mail was returned as undeliverable.  On May 14, 2015, the Court entered an order to show cause directing Plaintiff to respond by May 28, 2015.  (Doc. 26).  On June 1, 2015, Plaintiff responded, stating he had given a forwarding address of 8 Howell Drive, Little Rock, AR, 72204 to the ADC mail room when he was paroled.  Plaintiff's current address of record for both cases at issue is the 8 Howell Drive address.

On August 19, 2015, Defendants filed a joint motion to dismiss for lack of prosecution. As grounds for the motion, Defendants stated they sent Plaintiff a notice of deposition by priority mail on July 23, 2015, at the 8 Howell Drive address.  The deposition was scheduled for August 6, 2015, at the office of counsel for medical Defendants in Whitehall, AR.  The court reporter

and counsel for all Defendants were present. Plaintiff failed to appear for the deposition. He did not communicate with any counsel regarding the deposition before failing to appear.

On August 31, 2015, Plaintiff responded to the motion to dismiss, stating he did not get a letter about the deposition. He also stated he was not able to go to the deposition at counsel's office in Whitehall, that Defendants' attorneys knew this, and the attorneys had agreed to hold the deposition in Little Rock.

On October 1, 2015, the Court entered an order resetting the summary judgment hearing for this and the instant case for Thursday, January 14, 2016, so that Defendants would have the opportunity to depose Plaintiff and submit a summary judgment motion. (Doc. 42). The order was mailed to Plaintiff and was not returned as undeliverable. On November 13, 2015, the Court entered an order directing Plaintiff to respond by December 1, 2015, and inform the Court if he intended to appear for the January 14, 2016, hearings. This order was mailed to Plaintiff and was not returned as undeliverable. Plaintiff did not respond. Due to the prior rescheduling of the hearings, they were left set for January 14, 2016.

      B.    **Instant Case**

Plaintiff filed his complaint in the instant case on April 14, 2014 in the Eastern District of Arkansas. (Doc. 1). It was properly transferred to this District on April 24, 2014. (Doc. 2). Plaintiff's claims in this case focus on two major disciplinaries. According to the disciplinary documents submitted by Plaintiff, the first involved the theft of some envelopes from another inmate. The second involved the theft of twelve pancakes, five sausages, and four packages of syrup from the kitchen. Plaintiff wrapped these in plastic and hid them in his pants. (Doc. 1, pp. 10-11). Plaintiff alleges he was falsely charged with, failed to receive due process for, and

punished for these disciplinary infractions. He alleges the disciplinaries were racially motivated and were a procedural conspiracy. He also alleges they were filed as a retaliatory measure in response to earlier grievances he had filed. Plaintiff alleges he was verbally threatened, that the correctional officers were "unprofessional," and that documents or information was fabricated/false. He alleges he lost private property and damaged his arm in punitive isolation. Finally, he alleges his right foot dry skin disease was not treated. (Doc. 1, p. 45).

On March 30, 2015, mail sent to Plaintiff was returned as undeliverable, noting he was no longer with the Arkansas Department of Corrections ("ADC "). On April 16, 2015, mail was again returned as undeliverable. The Court entered an Order on April 16, 2015 changing his address to the one Plaintiff supplied at the time of his booking: 8 Howell Drive, Little Rock, AR, 72204. This address remains Plaintiff's current address of record. Plaintiff was reminded it was his obligation to keep the Court informed of his address at all times and that failure to do so would result in dismissal. (Doc. 21).

On May 1, 2015, the Court entered an order setting Plaintiff's summary judgment hearing for October 8, 2015--the same day as his hearing for case 14- 06088. This hearing was reset for January 14, 2016, due to Plaintiff's failure to appear for a deposition in the case 14 -06088.

On November 13, 2015, the Court entered an Order directing Plaintiff to respond by December 1, 2015, and inform the Court if he intended to appear for the January 14, 2016, hearings. (Doc. 27). This order was mailed to Plaintiff and was not returned as undeliverable. Plaintiff did not respond. Due to the prior rescheduling of the hearings, they were left set for January 14, 2016.

**C. Failure to Appear at the January 14, 2016, Summary Judgment Hearings and Failure to Provide Timely Written Responses as Ordered**

On Thursday January 14, 2016, the Court traveled to Hot Springs for the hearings. Defendants' Counsel, Jonathon Warren and Michelle Banks Odum, were both present. The hearing for the instant matter was scheduled for 10:00 am and for case 14-06088 at 11:00 am. The Court waited until 11:07 am. Plaintiff did not appear. The hearings were adjourned.

At approximately 1:25 pm on January 14, 2016, Plaintiff telephoned the Clerk's office in Fort Smith and stated he thought the hearings were to occur on Friday, January 15th, 2016, rather than Thursday, January 14th, 2016. He gave no reason why he believed the hearings to be scheduled for January 15. The Court directed the Clerk to verbally inform Plaintiff he had until Wednesday, January 20, 2016, to file a written response to the summary judgment motions. A written Order was entered on January 14, 2016, directing Plaintiff to submit his written response by 5:00 pm on Wednesday January 20, 2016. (Doc. 28).

At 9:47 am on January 20, 2016, Plaintiff called the Clerk's office in Fort Smith and was transferred to the pro se law clerk's phone. His voice mail stated he had "just completed" his written response and wanted to know if he could fax it. The pro se law clerk was not in the office that day. As the order did not permit faxing, the Clerk's office directed Plaintiff to mail his response.

Plaintiff's response was received on January 22, 2016, (Doc. 29) with a postmark of January 20, 2016. Rather than responding to the assertions in the motions for summary judgment, Plaintiff filed a "motion to dismiss the summary judgment motion and attached an "order" (Doc. 29-1) denying the motion for summary judgment signed by himself. The

5

documents did not provide any new information and were not responsive to Defendants' respective summary judgment motions.

## II. LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (district courts possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a District Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).

The Court does not, however, need to find that Plaintiff acted in bad faith, but "'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.   DISCUSSION

Plaintiff has demonstrated a consistent pattern of willful disobedience to Court orders as well as a consistent failure to prosecute. Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with at least five Court orders in the two cases discussed above. Considering Plaintiff's conduct in 14-06017, he has failed to comply with at least eight District Court orders and one Court of Appeals order. Plaintiff has failed to prosecute this matter by missing a summary judgment hearings. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court finds that Plaintiff's complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's complaint (Doc. 1) is DISMISSED WITH PREJUDICE on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's orders, and has failed to prosecute this matter.

Judgment will be entered accordingly.

IT IS SO ORDERED this 7th day of March, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE